IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANE MARION,
    *Plaintiff*,

v.

ANCHOR HOCKING, LLC,
    *Defendant*

Case No. 24-cv-3594-ABA

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jane Marion ("Plaintiff" or "Ms. Marion") brought this product liability suit against Defendant Anchor Hocking, LLC ("Defendant" or "Anchor") for injuries she sustained when a large glass jar she purchased on Amazon broke and severely injured her foot. ECF No. 3. Ms. Marion seeks compensatory and punitive damages. *See, e.g.*, *id.* ¶¶ 33, 40. Anchor filed a partial motion to dismiss, seeking to dismiss Plaintiff's request for punitive damages. ECF No. 5. For the reasons that follow, the motion will be denied.

**I.    BACKGROUND**[1]

In February 2019, Ms. Marion purchased a 1.5-gallon Anchor Hocking Montana Glass Jar from Amazon. ECF No. 3 ¶ 7. The jar was described as "durable" and "safe" and appropriate for storing dry goods "in pantries and on counters." *Id.* In April 2023, when she removed the jar from a shelf, the glass base of the jar fell out and onto her foot. *Id.* ¶ 10. The jar "lacerated plaintiff's tibialis anterior tendon, the tendon primarily responsible for extension of the ankle." *Id.* ¶ 13. Ms. Marion underwent surgery and

---

[1] In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all of the factual allegations contained in the complaint[.]" *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

physical therapy, but still has tendon damage, a limited range of motion, ongoing weakness, and chronic pain and stiffness. *Id.* ¶¶ 14, 15, 17.

Plaintiff alleges that Anchor "knew or deliberately disregarded that the jar was defective" and posed a danger to consumers, but continued to place the jar into the stream of commerce. *Id.* ¶ 25. In support of that allegation, she points to several Amazon reviews that describe similar problems with the jar. *Id.* ¶ 22 (review stating, "The bottom circle broke out . . . [and] cut . . . tendons in my leg. I have to have surgery and lots of physical therapy to walk again."); *id.* ¶¶ 23, 24 (citing customer reviews describing a crack and the bottom falling out).

Ms. Marion filed her complaint in the Circuit Court for Baltimore County. *See* ECF No. 3. The complaint includes two counts of product liability, three counts of negligence (including one count of gross negligence), and one count for breach of warranty. *Id.* ¶¶ 26-60. Anchor answered, ECF No. 1-5, filed this motion to dismiss, ECF No. 1-6, and removed the case to this Court based on diversity jurisdiction. *See* ECF No. 1 ("Notice of Removal"); ECF No. 11 at 2 n.1. Anchor argues that even if all of Plaintiff's allegations are true, they do not state a claim that would entitle Ms. Marion to punitive damages. *See* ECF No. 5. Plaintiff filed an opposition to the motion, ECF No. 11, and Defendants filed a reply brief, ECF No. 12.

## II.   STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P.

12(b)(6). As noted above, in considering a Rule 12(b)(6) motion,[2] the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

## III.   DISCUSSION

Anchor seeks an order dismissing Plaintiff's request for punitive damages. ECF No. 5 at 1. Because Maryland law requires "actual malice" for punitive damages in the context of a product liability case, *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 462-63 (1992), Anchor argues that even if Plaintiff has stated *claims* on which relief can be granted (which Anchor does not dispute, having not moved to dismiss any of Plaintiff's causes of action), the portion of her prayer for relief seeking punitive damages should be dismissed or stricken because she has failed to allege any "facts of actual malice or deliberate wrongdoing." ECF No. 5 at 4. The motion presents two questions: (1) Is a Rule 12(b)(6) motion a proper procedural vehicle for requesting dismissal of a request for punitive damages? (2) If yes, does Plaintiff's complaint here adequately allege facts entitling her to proceed to discovery on the request for punitive damages?

### A.    A defendant may seek dismissal of a request for punitive damages at the pleadings stage

The first question is a purely procedural one: at the pleadings stage may a party seek dismissal of a particular form of *relief* sought in a complaint or counterclaim (specifically here, a request for punitive damages) where the movant is not seeking

---

[2] Because Defendant originally filed its partial motion to dismiss in state court, it cites to Maryland Rule 2-322(b)(2) in its motion. *See* ECF No. 1-6 at 1. That rule is derived from Federal Rule of Civil Procedure Rule 12(b). The Federal Rules of Civil Procedure apply to a civil action after it is removed from state court. Fed. R. Civ. P. 81(c). Therefore, this opinion refers to the federal rule throughout.

dismissal of the *cause of action* for which that relief has been sought? *See* ECF No. 11 at 3 (Plaintiff's argument that the motion is "procedurally improper" because Defendants seek dismissal of a requested *remedy*).

As Judge Bredar has observed, "[p]ractices in this District regarding dismissal of punitive damages claims on a 12(b)(6) motion vary." *Aarow Elec. Sols. v. Tricore Sys., LLC*, Case No. 22-cv-2363-JKB, 2024 WL 1443743, at *4 (D. Md. Apr. 3, 2024). For example, in one case, Judge Chasanow dismissed (without prejudice) a request for punitive damages that was pled as a form of relief sought on the plaintiff's claims for strict liability and negligence, because the most the complaint alleged was a "bald accusation" that defendants "demonstrated 'willful and wanton disregard for the safety and welfare of [P]laintiff and his co-workers.'" *Harris v. Dow Chem. Co.*, Case No. 20-cv-0988-DKC, 2020 WL 6874326, at *3 (D. Md. Nov. 23, 2020) (alteration in original).

In other cases, judges have declined to dismiss punitive damages claims in the context of a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Aarow Elec.*, 2024 WL 1443743 at *4-5 (declining to dismiss the punitive damage claims "at this juncture" because "Defendants' argument is better understood as a challenge to the relief Aarow seeks, rather than as a challenge to Aarow's claims"); *Doe v. Mercy High Sch., Inc.*, Case No. 23-cv-1184-JRR, 2024 WL 3103396 at *27 (D. Md. June 24, 2024) ("[W]hile Mercy High School Defendants' arguments bring scrutiny, if not doubt, upon Plaintiff's ability to recover punitive damages under Maryland law, these arguments focus on the relief sought, not the claims asserted.").

A third approach is reflected in *Charette v. Wexford Health Sources, Inc.*, Case No. 19-cv-0033-CCB, 2021 WL 1102361 (D. Md. Mar. 23, 2021). After acknowledging that "[s]ome courts have concluded that a Rule 12(b)(6) motion is not the appropriate

vehicle to challenge a request for punitive damages," Judge Blake declined to go that far, instead concluding that in the context of that case, it was appropriate to "defer[]" a decision about whether the plaintiff "may be entitled to punitive damages" until the dispositive motions stage. *Id.* at \*12.

Analyzing several Fourth Circuit cases (primarily unpublished) that consider this issue, Judge Bredar observed, "A theme emerges . . . : the dismissal of a punitive damages request is appropriate where the claim upon which that request is premised has been dismissed or where the claim cannot support a request for punitive damages." *Aarow Elec.*, 2024 WL 1443743 at \*4 n.2. The first circumstance does not apply in this case; Defendants do not seek to dismiss any of the underlying causes of action for which Plaintiff seeks punitive damages. *See* ECF No. 12 ("the complaint fails to allege facts sufficient to plead *for punitive damages*") (emphasis added); *cf. Biggs v. Eaglewood Mortg., LLC*, 582 F. Supp. 2d 707, 711 n.5 (D. Md. 2008) ("There is no separate cause of action for punitive damages apart from an underlying cause of action upon which punitive damages can be grounded."). And a plaintiff is permitted to seek punitive damages for product liability claims. *See Zenobia*, 325 Md. at 462-63.

But as to the question of whether a defendant may move to dismiss a particular form of relief (such as punitive damages) at the pleadings stage even where the pertinent cause of action permits that form of relief, the Court concludes that it may. As Judge Blake has explained, "[u]nder Maryland law, punitive damages constitute not a claim but a form of relief." *Charette*, 2021 WL 1102361, at \*12. That means a plaintiff who claims entitlement to punitive damages lodges such a request through a prayer for relief—not a separate cause of action. And as Judge Chasanow has explained, "a plaintiff seeking punitive damages for any tort must 'allege, in detail, facts that, if proven true,

5

would support the conclusion that the act complained of was done with actual malice.'" *Harris*, 2020 WL 6874326, at *3 (quoting *Hill v. Brush Eng'red Materials, Inc.*, 383 F. Supp. 2d 814, 824-25 (D. Md. 2005), in turn quoting *Scott v. Jenkins*, 345 Md. 21, 37 (1997)). To be sure, *Scott* was a Maryland court case applying Maryland procedure, and "[a]lthough federal courts will follow state law in determining the availability of punitive damages, they look to Federal Rule of Civil Procedure 8(a)(3) rather than state law for the pleading requirements of a demand for that type of relief." § 1256 Demand for Judgment—Particular Remedies, 5 Fed. Prac. & Proc. Civ. § 1256 (4th ed.). And whereas Rule 8(a)(2) requires that a plaintiff allege "a short and plain *statement of the claim* showing that the pleader is entitled to relief," Rule 8(a)(3) requires only "a *demand* for the relief sought." Fed. R. Civ. P. 8(a) (emphases added). But a motion to dismiss tests whether a complaint states claims on which relief can be granted. Where a complaint purports to seek a form of relief such as punitive damages but does not allege facts that, if true, would entitle the plaintiff to that form of relief, a Rule 12(b)(6) motion is an appropriate vehicle to move that a request for such relief be dismissed or stricken at the pleadings stage.[3]

### B. Plaintiff's complaint adequately alleges facts that, if true, would support punitive damages

Anchor argues that even if a Rule 12(b)(6) motion may seek dismissal of a punitive damages claim at the pleadings stage, Plaintiff's punitive damages claim here should be dismissed because the complaint does not allege facts that, even if true, would

---

[3] In reaching this conclusion, this Court does not decide whether other vehicles, such as a motion to strike under Rule 12(f), would alternatively be available as a means to request that a claim for punitive damages be dismissed or stricken.

satisfy the "actual malice" standard required to obtain punitive damages under Maryland law. ECF No. 5 at 4. Defendant explains its argument as follows:

> Plaintiff failed to allege that the Defendant had conscious and deliberate wrongdoing, or evil or wrongful motive, in distributing its product to the Plaintiff. Plaintiff also failed to allege any facts supporting that the actions of the Defendant were conducted with a conscious and/or deliberate wrongdoing. Further, Plaintiff's Complaint does not contain any specific counts or causes of action, nor does it contain any actual factually supported allegations of actual malice arising from this incident.

*Id.*

In response, Plaintiff explains that "[i]n product liability cases like this, 'actual malice' includes 'actual knowledge of the defect and deliberate disregard of the consequences.'" ECF No. 11 at 5 (quoting *Zenobia*, 325 Md. at 420). Here, she argues, the complaint adequately alleges that Anchor "(1) had knowledge of other complaints of this defect, but (2) sold the product regardless of the defect and without warning of the defect," which she contends is sufficient to withstand a motion to dismiss her punitive damages claim. *Id.* at 5-6 (citing *Luminace Solar Md., LLC v. Tigo Energy, Inc.*, Case No. 23-cv-1606-GLR, 2024 WL 1283329, at *7 (D. Md. Mar. 26, 2024)).

The Court agrees with Plaintiff. Plaintiff alleges that she "is not the only consumer to experience injury as a result of defendant's defective product," and cites a review from another customer who purchased a large glass jar from Anchor and the "bottom circle broke out," hit her leg, and cut several tendons, just as happened to Plaintiff. ECF No. 3 ¶ 22. Another customer complained about the bottom falling out of a similar jar, *id.* ¶ 23, and another described a "[m]assive crack" even though the canister "was not damaged by anything we did." *Id.* ¶ 24. Plaintiff also expressly alleges

7

that Anchor "knew or deliberately disregarded that the jar was defective, having a tendency to crack and injure consumers, and the danger it posed to consumers, but continued to place the jar into the stream of commerce without warning consumers of the dangers it posed." *Id.* ¶ 25. The complaint also alleges that Anchor advertised and marketed the glass jar as "safe" and "durable" while knowing of the "danger it posed to consumers." *Id.* ¶¶ 7 & 25. These paragraphs of the complaint adequately allege the type of knowledge and deliberate disregard that, if true, and with all reasonable inferences drawn in Plaintiff's favor, satisfy the *Zenobia* standard sufficient for Plaintiff's claim for punitive damages to proceed past the pleadings stage.[4]

## IV.    CONCLUSION AND ORDER

For the reasons stated above, Anchor's motion to dismiss Plaintiff's punitive damages claim (ECF No. 5) is DENIED.

Date:  July 22, 2025                              /s/
                                                  Adam B. Abelson
                                                  United States District Judge

---

[4] In reaching this conclusion, the Court need not and does not decide whether Plaintiff's allegations regarding Anchor's responses to the letter that she sent after her injury are relevant to support her claim for punitive damages. *See, e.g.*, ECF No. 3 ¶ 19; ECF No. 11 at 7.