# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

October 20, 2025

## ORDER SCHEDULING SETTLEMENT CONFERENCE

Re: *Marion v. Anchor Hocking, LLC*
Civil No. JMC-24-3594

Dear Counsel:

The case referenced above has been referred to me to conduct a settlement conference. Please be advised that I have scheduled a settlement conference for **April 15, 2026 at 10 a.m.** I will conduct the settlement conference virtually via the Zoom for Government video conferencing platform unless the parties **jointly** request an in-person conference and confirm that all necessary attendees are available to appear in person at the United States District Court for the District of Maryland in Baltimore, Maryland. For virtual settlement conferences, my chambers will email a Zoom link to the parties prior to the conference. All settlement conferences are scheduled to last the entire day, so participants should make arrangements accordingly.

**Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.**

### 1. General Guidelines for the Settlement Conference

***Settlement Authority.*** It is essential that the parties—or in the case of an entity, a representative of the party with complete authority to enter into a binding settlement—be present for the settlement conference. A person with complete authority is someone who has the experience and judgment to exercise that authority without having to consult with anyone who is not in attendance at the settlement conference. Attendance by the attorney for a party is not sufficient.[1]

[1] This requirement will be waived only upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be submitted at least two weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstances.

***Privacy and Confidentiality.*** All attendees, including everyone who participates in this settlement conference in any manner, agree that all communications related to the mediation and all negotiations and settlement discussions are private and confidential. There is an absolute prohibition on audio or video streaming or recording any mediation or portion thereof.

***Inadvertent Privacy Failure.*** In the unlikely event that you are placed into what is meant to be a private and confidential space, including a virtual "breakout room," and find that you nonetheless can hear or otherwise have access to the confidential conversations or information of others, you should immediately take corrective steps and report the issue to me.

**2. Mandatory Prerequisites for Participation in the Settlement Conference**

***Exchange of a Settlement Demand and Response.*** Prior to the submission of the parties' *ex-parte* letters, described in greater detail below, the parties shall exchange written settlement demands/responses.

Plaintiff shall submit a written settlement demand to Defendant no later than one month prior to the settlement conference. Plaintiff's demand shall particularize, at a minimum, each category of damages sought and the method by which it was calculated. Plaintiff's demand also shall include any request for non-monetary relief.

Defendant shall respond in writing within one week of receiving the demand. The response shall address each category of damages sought and any request for non-monetary relief. If the Defendant intends to respond to the demand by offering nothing, that shall be expressly stated and the response must include an explanation for this position.

This correspondence between the parties shall be included with the *ex-parte* letters submitted to the Court.

**Failure to comply with this requirement may result in the postponement or continuation of the settlement conference.**

**Ex-Parte *Letters.*** No later than **April 1, 2026**, each party must submit via email to (MDD_CJCChambers@mdd.uscourts.gov) a short *ex-parte* letter—not to exceed five (5) pages—candidly setting forth the following:

1. facts you believe you can prove at trial;

2. the weaknesses of each side's case, both factual and legal, and citations to any relevant authority;

3. any pending motions that you believe would have a significant effect on settlement;

4. an evaluation of the maximum and minimum damage awards you believe likely and an overview of the evidentiary support for the forecasted damage awards;

5. the history of any settlement negotiations to date;

6. an estimate of attorneys' fees and costs of litigation through trial;

7. and the names and email addresses of the settlement conference attendees.

If your client will take the position in settlement discussions that a lack of financial resources will affect your client's ability to pay a judgment or settlement, you must provide supporting documentation of your client's finances. Such documentation may include available cash, ownership interests in properties, business, and other assets, the amount of any mortgages or liens, and recent income tax information. All documentation should be provided to opposing counsel prior to the settlement conference, or if your client is unwilling to provide the documentation to opposing counsel, the documentation should be attached to the *ex-parte* letter for the Court's review.

If you wish for me to review any exhibits, please attach the exhibits to your letter, highlighting the relevant portions you wish me to review. In addition, if you wish for me to review any case law or other authority that you believe is critical to your evaluation of the case, please identify the authority, or attach it to your letter.

As a matter of course, prior to the settlement conference, I will schedule *ex-parte* calls with counsel for each party. These calls are private, confidential, and limited to 30 minutes.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/

Chelsea J. Crawford
United States Magistrate Judge