**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**J. Mark Coulson**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P:(410) 962-4953 — F:(410) 962-2985

June 5, 2026

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:     *Marion v. Anchor Hocking, LLC*
        Civil No. 1:24-cv-03594-JMC

Dear Counsel:

The instant case involves a dispute arising from the Plaintiff's injuries related to her use of the "Montana Jar" manufactured by Defendant. (ECF Nos. 37, 41, 48). April 20, 2026, the parties alerted the Court to the existence of a discovery dispute. (ECF No. 37). That same day, the Court directed the parties to file their position statements within seven days. (ECF No. 38).

## I.     BACKGROUND

This matter arises from Plaintiff's use of a glass jar known as the "Montana Jar," which Defendant manufactures. (ECF No. 1 at 2)[1]. The Montana Jar is a "1.5-gallon glass jar with a brushed metal lid" used for kitchen storage. *Id.* Plaintiff "purchased the product to store dog food in her kitchen and once received, placed the jar on a shelf of an upper kitchen cabinet." *Id.* Plaintiff alleges that on April 19, 2023, she removed the jar from her kitchen shelf to feed her dogs, at which point she "lifted the jar, [and] the bottom base of the jar separated from the upper section," thereby causing injury to her foot. *Id.* at 3. Subsequently, Plaintiff brought two strict products liability claims based on a design defect and failure to warn, two negligence claims based on a design defect and failure to warn, a claim for breach of warranty, and a claim for gross negligence. *See generally* (ECF No. 1).

Defendant filed a motion to dismiss, which Judge Abelson denied in a Memorandum Opinion and Order dated July 22, 2025. (ECF No. 13). The Discovery Period opened on October 1, 2025, and Judge Abelson referred the case to the undersigned on October 14, 2025. (ECF No. 20). April 9, 2026, Counsel for Defense filed a notice of withdrawal of counsel. (ECF No. 34). The Court subsequently granted Defense Counsel's motion to withdraw as counsel and directed Defendant Anchor Hocking to obtain new counsel within thirty days. (ECF No. 39). On April 27, 2026, Plaintiff filed its position statement (ECF No. 41). In light of the pending discovery dispute, the Court deferring consideration of the Plaintiff's position statement until Defendant Anchor

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

1

Hocking obtained counsel, which it did on May 22, 2026.  Defendant filed its position statement on June 4, 2026.

## II.    ANALYSIS

Presently before the Court is Plaintiff's request for an order compelling Defendant to supplement its response to Request for Production of Documents No. 9 ("RPD No. 9").  (ECF No. 41).   RPD No. 9 requests "[a]ll reports, communications, investigations or complaints involving the Anchor Hocking Montana Jar for the five years prior to the occurrence." (ECF No. 41 at 2). Defendant objected on the grounds that it is "overly broad, unduly burdensome and not properly limited in time and scope. The Request as drafted would seek the production of any document or letter which mentions the Montana Jar, even if such material had no relationship to the facts of this case in any manner whatsoever." *Id.*

In Defendant's position statement, Anchor Hocking represents that notwithstanding its objection, there exist no documents or other materials that are responsive to RPD No. 9. (ECF No. 48 at 1).  Where Defendant briefly addressees the issue of its objection, it states, "after conducting a reasonable search and internal investigation of its records, Anchor Hocking responded to Plaintiff via written correspondence confirming that Anchor Hocking had not received any instances of complaints, reports, communications, or investigations involving the Jar in the last five years, including any complaints regarding breakage of the Jar. Similarly, the correspondence confirmed that the Jar had not undergone any changes to its manufacturing, design, or inspection processes in the same period."

Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). To the extent that Plaintiff believes that there exist unproduced documents that are relevant to her stated request, the Court would be inclined to limit the request to reports, communications, investigations, or complaints involving the Anchor Montana Jar within the past five years, related to breakage.

However, in light of Defendant's representations that Anchor Hocking searched for and fond no materials responsive to the request even before any narrowing, the Court finds such a limitation unnecessary. Rule 26(g) indicates that by signing any discovery requests, responses, and objections, that "an attorney or party certifies that to the best of the person's knowledge, information, and relief formed after a reasonable inquiry…[is] not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26(g).   The Court trusts that Defendants' representation that its document production has complied with Rules 34(a)(1) and 26(g).  Based on the limited record before the Court, there is no evidence beyond Plaintiff's speculation that any such documents exist.  In light

of Defendant's explanation to the contrary and absent any compelling evidence showing otherwise, the Court finds that Defendant has fully complied with RPD No. 9. Thus, without any evidence that Defendant is withholding relevant documents, Plaintiff's request for an order compelling Defendant to produce those documents is denied.

## III.    Discovery Schedule

Plaintiff represents that due to the lack of documents she hoped to discover, Defendants have caused an unreasonable delay to the discovery process, thereby precluding her from taking depositions.   While the Court has no basis upon which it can firmly conclude that is the case, the Court is mindful that there have been delays caused by the motions related to Defendant's change in counsel, the time it took Defendant to obtain new counsel, and the discovery dispute briefing.

On April 14, 2026, the operative discovery deadline, Plaintiff filed a status report requesting a modification of the discovery schedule.  (ECF No. 35).  The Court directed Defendant to file a status report, which it never did prior to the change in counsel.  (ECF No. 36).  As such, the Court was unable to rule on the requested modification.  Plaintiff indicated discovery had not yet concluded in light of the discovery dispute addressed herein, the motion to withdraw as counsel, and because Plaintiff's expert witness was diagnosed with an unforeseen medical condition that precluded involvement in the case. (ECF No. 35). Plaintiff requested a modification accordingly. In light of the stated purposes for a modified scheduling order and delay pending new counsel, the Court finds GOOD CAUSE to amend the scheduling order as follows[2]:

| | |
|---|---|
| **Plaintiff's Rule 26 (a)(2) disclosures** | July 20, 2026 |
| **Defendant's Rule 26(a)(2) disclosures** | August 20, 2026 |
| **Plaintiff's rebuttal Rule 26(a)(2) disclosures** | September 3, 2026 |
| **Rule26(e)(2) supplementation of disclosures** | September 19, 2026 |
| **Discovery deadline; submission of status report** | September 19, 2026 |
| **Dispositive pretrial motions deadline** | October 3, 2026 |

Despite the informal nature of this letter, it should be flagged as an Opinion and Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____
J. Mark Coulson
United States Magistrate Judge

---

[2] The Court reached these dates by taking the proposed dates in Plaintiff's Status Report (ECF No. 35) and adding the number of days deferred, here fifty-two, caused by the motions related to the change of counsel, delay for Defendant to obtain new counsel, and discovery dispute briefing.

3